Cass v. Demarest.

MARIA L. CASS

v.

MARGARET DEMAREST et al.

A married woman may enjoin the execution-creditors of her husband from selling lands, the title whereof stands in his name but which were bought by him, *bona fide*, for her, and paid for with her money.

Bill for injunction. On final hearing on pleadings and proofs.

*Mr. C. H. Voorhis*, for complainant.

*Mr. W. M. Johnson*, for judgment creditors.

THE CHANCELLOR.

This suit is brought by Mrs. Maria L. Cass, wife of Alexander Cass, for an injunction to restrain judgment creditors of her hus-

band from selling, under executions on their judgments, land, the title whereto was in him when their judgments were recovered, but which she insists he held merely in trust for her. The land consists of three parcels; one of which was bought in 1863, another in 1864, and the other in 1866. The title to it remained in Mr. Cass until June, 1874, when he and his wife, by two deeds, conveyed the property to Mrs Miller, the sister of the latter, for the purpose of transferring the title to the complainant by means of those deeds and a conveyance from Mrs. Miller and her husband to Mrs. Cass. The conveyance by Mrs. Miller and her husband to the complainant was not made until January, 1877. None of the deeds made to transfer the title to the complainant were recorded until after the commencement of this suit. In 1877, the judgment creditors recovered their judgments against Mr. Cass, and they do not appear to have had any notice that the property was claimed by the complainant until the suit was brought. The judgments were recovered for distributive shares of an estate of which Mr. Cass was administrator. He was appointed administrator in 1870, and his final account was passed in 1874, 1875 or 1876, but it does not appear more particularly when it was passed. He was unable to pay the distributees in 1877, when the judgments were recovered, but he swears he thinks he was able to do so in 1876. Two of the parcels of land in question were conveyed to him by Tunis Cooper; one by deed dated May 18th, 1863, for the consideration of $350; and the other by deed dated May 5th, 1866, for the consideration of $400. The other parcel was conveyed to him by Samuel B. Bogart by deed dated May 6th, 1864, for the consideration of $190. Mr. Cass swears that the several parcels were bought with his wife's money, and that there was a distinct understanding between him and her that she was to hold the title for the land when it was bought; that the parcel first purchased was bought with money furnished by Mrs. Cass's mother, who, when she furnished it, directed that the property to be bought with it should belong to his wife; that the other parcel, bought from Cooper, was bought partly with money furnished for the purpose by his wife's mother and partly with money fur-

nished by Mrs. Miller, his wife's sister; and that the land bought of Bogart was paid for wholly with his wife's money, $90 of it being money which she had earned in boarding and taking care of Bogart's wife, who boarded at his house, and died there while Bogart was absent from home during the war. He also swears that it was not by his direction or request that the deeds from Cooper were made to him. He is contradicted in this statement, so far as the second deed is concerned, by his own admission that that deed was drawn by himself. The first deed was not. Mr. Miller (Mrs. Miller is dead, and so is the complainant's mother) corroborates him, however, in the rest of his statements in regard to the first deed from Cooper. He says he was present in 1863 when the complainant's mother furnished the money to buy that property; that the amount was $400, and that it was given, as he understood, to buy a lot in Englewood for Mrs. Cass. He says Mr. and Mrs. Cass, he and his wife and Mrs. Cass's mother were all present on the occasion. No evidence was offered by the defendants. While such transactions as that under consideration, where a husband buys property and takes the deed therefor in his own name, and years afterwards his wife asserts an equitable title to the property as against his creditors under a claim of resulting trust, are to be carefully scrutinized to prevent the successful assertion of fraudulent claims, yet it is obvious that when the facts are sufficient to establish the right, the wife is entitled to the protection of the court as fully as a stranger would be. Here the proof is clear that the wife, either herself or through her mother or sister, who paid it for her, furnished all the purchase-money. The $90 for the board and care of Mrs. Bogart appear to have been money which it was agreed between her and her husband she should have as her own, and in consideration of the circumstances the agreement seems to have been quite reasonable and proper. It is proved that the agreement between her and her husband was that he was to buy the property for her, and that when purchased it was to be hers. I see no reason to doubt the *bona fides* of her claim. She is entitled to the relief which she prays—a perpetual injunction restraining the judgment creditors from

selling the property—but under the circumstances, seeing that they had no notice of her claim until the beginning of this suit, no costs should be awarded her.